974 So.2d 22 (2007)
Felice DUPREE, et al, Plaintiffs Appellants
v.
Kevin B. SAYES, et al, Defendants-Appellees.
No. 42,792-CA.
Court of Appeal of Louisiana, Second Circuit.
December 5, 2007.
*23 Davis Law Firm by S.P. Davis, Sr., for Appellants.
Corkern & Crews, L.L.C. by Steven D. Crews, Cory B. Wilson, for Appellees.
Before STEWART, CARAWAY & PEATROSS, JJ.
PEATROSS, J.
This personal injury action arose from a motor vehicle accident involving several vehicles. Plaintiffs Felice Dupree and her daughters, Shaleshia Dupree and Darecia Atkins, sued Defendant Kevin Sayes for personal injuries allegedly sustained when the vehicle driven by Mr. Sayes collided with the vehicle driven by Ms. Dupree. Following a bench trial, the trial judge held, without written reasons[1], that Plaintiffs had not carried their burden of proof on the negligence of Mr. Sayes and dismissed their claim with prejudice. Plaintiffs appeal. For the reasons stated herein, we affirm.

FACTS
On January 21, 2004, Ms. Dupree and her daughters were traveling on Booker Terrace Road when Ms. Dupree stopped at the stop sign at the intersection of Booker Terrace Road and Highway 84 in Mansfield. As Ms. Dupree came to rest at the intersection, a vehicle driven by Larry Bledsoe traveling south on Hwy 84 collided with the rear of another vehicle driven by Tiffany Simpson, knocking Ms. Simpson's vehicle into the northbound lane of travel of Hwy 84. Mr. Sayes was traveling north on Hwy 84 and swerved to avoid hitting Ms. Simpson's vehicle. In doing so, Mr. Sayes' vehicle ran into the ditch and back up onto the highway and collided with the driver's side of Ms. Dupree's vehicle.
As previously stated, Ms. Dupree's daughters, Shalishia and Darecia, were passengers in Ms. Dupree's vehicle. The three women each claim injuries sustained in the accident. At trial, Plaintiffs testified that Mr. Sayes was traveling too fast and his excessive speed was the cause of the accident. Plaintiffs each denied that Mr. Sayes was faced with a sudden decision of how to avoid Ms. Simpson's vehicle, despite notations of Plaintiffs' statements to the contrary purportedly made to medical providers and contained in the medical records wherein they stated that Mr. Sayes was trying to avoid hitting another vehicle when he collided with Ms. Dupree's vehicle. Instead, they contend that Mr. Sayes could have continued to travel straight and avoided the collision with both the vehicles of Ms. Simpson and Ms. Dupree. *24 Evidence of Plaintiffs' injuries and treatment was adduced.
Mr. Sayes testified regarding the circumstances of the accident and urged that he was faced with a sudden emergency when he saw Ms. Simpson's vehicle enter his lane. He denied that he was traveling at an excessive rate of speed. The accident report and deposition testimony of the investigating officer was of little assistance to the trial court as it did not contain precise measurements or other information that would have been beneficial in reconstructing exactly how the accident occurred.
As previously stated herein, the trial judge found at the end of trial no liability on the part of Mr. Sayes and the personal injury claims of Plaintiffs were dismissed. This appeal ensued.

DISCUSSION
When a collision occurs between two vehicles, one of which is in the wrong lane of travel, there is a presumption that the driver in the wrong lane was negligent and that the burden is on him to show that the collision was not caused by his negligence. Simon v. Ford Motor Co. 282 So.2d 126 (La.1973). If, however, a motorist has exercised ordinary care as required by law (or the highest degree of care as may be required) and has, nevertheless, inflicted injury on another, the accident is said to be inevitable, for which no liability attaches. Smeby v. Williams, 42,163 (La. App.2d Cir.6/27/07), 961 So.2d 597, citing Welch v. State, DOTD, 93-1134 (La.App. 3d Cir.5/4/94), 640 So.2d 596, writ denied, 94-1452 (La.9/23/94), 642 So.2d 1293. The sudden emergency doctrine applies to such an "inevitable accident." We explained this doctrine in Smeby, supra:
Under the sudden emergency doctrine, one who finds himself in a position of imminent peril, without sufficient time to consider and weigh all the circumstances or the best means to adopt in order to avoid an impending danger, is not guilty of negligence if he fails to adopt what subsequently and upon reflection may appear to be the better method, unless the emergency is brought about by his own negligence.
In the present case, Plaintiffs argue that, under Louisiana law, Mr. Sayes should be liable for their injuries sustained in this accident. According to Plaintiffs, Mr. Sayes was traveling in the wrong lane and, as such, there is a presumption that he was negligent and the burden rests on him to prove that he was not negligent. Plaintiffs further assert that the situation was brought about by Mr. Sayes' negligence in that he could have continued to travel straight on the highway instead of swerving violently to avoid hitting Ms. Simpson's vehicle. Plaintiffs challenge the assertion of Mr. Sayes that the accident was the inevitable result of a sudden evasive action taken by him to avoid a collision with vehicle two that caused him to run into the culvert that disabled the steering mechanism on his car and caused him to hit Plaintiffs' vehicle. We are not persuaded by Plaintiffs' argument. Finding a reasonable basis for the conclusion that Mr. Sayes faced a sudden emergency as he encountered Ms. Simpson's vehicle in his lane of travel, we cannot say that the trial court was manifestly erroneous in finding in favor of Mr. Sayes in this case. We find that Mr. Sayes successfully carried the burden of proving that the accident did not occur because of his negligence.[2]
*25 Mr. Sayes testified that he was less than 50 feet from Ms. Simpson's vehicle when it suddenly entered his lane of travel. He was faced with having to make a split-second decision as to how to avoid colliding with her vehicle and he chose to veer off of the highway to the right to avoid the collision. There was no way for him to foresee that his vehicle would then hit a culvert in the ditch and be thrown back onto the highway and into the side of Ms. Dupree's vehicle. We find that this evidence provides a sufficient basis to support a finding of sudden emergency. To reverse a fact finder's determination, the appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court and that the record establishes that the finding is clearly wrong. Stobart v. State through Dept. of Transp. and Development, 617 So.2d 880 (La.1993). While we recognize that Plaintiffs were innocent bystanders in this unfortunate accident, we find no manifest error in the trial judge's ruling.
In addition, Plaintiffs challenge the ruling of the trial court allowing the deposition testimony of Trooper Carlos Ratliff, the investigating officer, offered by Mr. Sayes. For unknown reasons, Trooper Ratliff did not personally testify and Plaintiffs submit that his failure to personally testify creates a presumption that his testimony would be unfavorable to Mr. Sayes because it was within. Mr. Sayes' power to produce the live witness and he failed to do so. We are not persuaded by Plaintiffs' argument.
An adverse presumption exists when a party having control of a favorable witness fails to call him or her to testify, although the presumption is rebuttable and is tempered by the fact that a party need only put on enough evidence to prove the case. United Services Automobile Assoc. v. Craft, 37,909 (La.App.2d Cir.12/10/03), 862 So.2d 353, citing Safety Ass'n of Timbermen Self Insurers Fund v. Malone Lumber, Inc., 34,646 (La.App.2d Cir.6/20/01), 793 So.2d 218, writ denied, 01-2557 (La.12/7/01), 803 So.2d 973. There exists ample evidence in the case sub judice to support the conclusion of the trial judge without the deposition testimony of Trooper Ratliff. This argument is without merit.

CONCLUSION
For the foregoing reasons, the judgment in favor of Defendant/Appellee Kevin 13. Sayes and dismissing with prejudice the claims of Plaintiffs/Appellants, Felice Dupree, Shalishia Dupree and Darlecia Atkins, is affirmed. Costs are assessed to Plaintiffs/Appellants.
AFFIRMED.
NOTES
[1] The trial judge failed to provide written reasons as provided in La. C.C.P. Art.1917 B, merely stating in the judgment that he found Plaintiffs' testimony untruthful and that Plaintiffs failed to meet their burden of proof.
[2] Plaintiffs incorrectly assert that the doctrine of sudden emergency is an affirmative defense that must be specifically pled. See McCann v. State Farm Mut. Auto. Ins. Co., 483 So.2d 205 (La.App. 3d Cir.1986), writ denied, 486 So.2d 734 (La.1986), which discusses the issue of whether or not "sudden emergency" is an affirmative defense and holds that the sudden emergency doctrine is not an affirmative defense and, therefore, need not be specifically pled in the defendant's answer.