PEATROSS, J.
hln this personal injury case, the trial court granted summary judgment in favor of Defendants, Lancer Insurance Company, et al. (“Lancer”), and dismissed the claims of Plaintiffs, Randy L. Loyd and Rose Loyd, with prejudice. The court held that, as a matter of law, the sudden emergency doctrine operated to preclude liability on the part of the insured of Lancer. The Loyds appeal. For the reasons stated herein, we affirm.

FACTS

This case arose out of a motorcycle/automobile accident which occurred on 1-20 in Webster Parish on June 7, 2003. Five motorcycles were traveling from Minden to Shreveport. The Loyds were riding on the second motorcycle in the procession. Mr. Loyd was driving with Mrs. Loyd riding as his passenger. When the accident occurred, the five motorcycles were in the left lane, passing a Freightliner tractor driven by Stough A. Wray, III, which was pulling a box trailer. The total weight of Mr. Wray’s load was 78,000 pounds. The motorcycles were traveling approximately 70 mph and were alongside of or slightly in front of Mr. Wray’s tractor/trailer when sparks started coming from the rear tire of the lead bike and it started to sway, eventually rolling over on the interstate. Mr. Loyd saw the sparks from the bike’s rear tire and tried to slow down. He then observed the rider and passenger from the lead bike fly off onto the road. Mr. Loyd slowed and steered toward the shoulder (across the right lane in front of Mr. Wray).
Mr. Wray also saw the sparks from the rear tire of the lead bike and began to slow and steer to the right toward the shoulder. Mr. Wray testified | athat he believed that the lead bike was approximately 30 feet ahead of him when it began experiencing trouble. He further testified that the Loyd motorcycle was probably 15-20 feet behind the lead bike and was traveling next to (4 to 5 feet apart from) a third bike. Mr. Wray also testified that the Loyds were 10-15 feet in front of him and close to his bumper when the lead bike had problems.
As Mr. Wray reached the shoulder of the interstate, with all tires on the grass, the Loyds’ motorcycle was on the edge of the asphalt. At this point, Mr. Wray’s left front headlight hit the back of the Loyds’ motorcycle propelling it forward. Mr. and Mrs. Loyd landed on the grass, 74 feet away, sustaining injuries. Mr. Wray estimated that he reduced his speed to about 20 mph and the Loyds’ bike was traveling about 5 mph on impact.
The Loyds filed suit, naming Mr. Wray and his insurer, Lancer, as Defendants. Lancer filed two motions for summary judgment, the first of which was denied based on the trial court’s finding that an affidavit of the Loyds’ expert raised the issue of sudden emergency. After deposing the Loyds’ expert, Lancer re-urged its motion for summary judgment, which was granted by the trial court on the finding that the sudden emergency doctrine precluded liability as a matter of law. This appeal ensued.

DISCUSSION

The summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action and the procedure is favored and shall be construed to accomplish these ends. La. C.C.P. art. 966(A)(2). Summary judgment shall be rendered forthwith if the | opleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and *1234 that the mover is entitled to judgment as a matter of law. La. C.C.P. 966(B). The burden of proof remains with the movant; however, if the movant will not bear the burden of proof at trial on the matter before the court on the motion for summary judgment, then the movant may merely point out to the court that there is an absence of factual support for one or more elements essential to the plaintiffs claim. The burden then shifts to the non-moving party to present evidence demonstrating that genuine issues of material fact remain. La. C.C.P. art. 966 C(2); Racine v. Moon’s Towing, 01-2837 (La.5/14/02), 817 So.2d 21. Once the burden has shifted, the opponent must produce factual support to avert the summary judgment. If the opponent fails to produce such evidence, summary judgment is mandated. La. C.C.P. art. 966 C(2); Racine, supra. Appellate review of the grant or denial of summary judgment is de novo. Ross v. Conoco, Inc., 02-0299 (La.10/15/02), 828 So.2d 546.
As previously stated, the trial court in the ease sub judice found that Lancer was entitled to summary judgment because the application of the sudden emergency doctrine precluded liability on the part of Mr. Wray. The sudden emergency doctrine provides as follows:
Anyone who finds himself in a position of imminent peril, without sufficient time to consider and weigh all the circumstances or the best means to adopt in order to avoid an impending danger, is not guilty of negligence if he fails to adopt what subsequently and upon reflection may appear to be the better method, unless the emergency is brought about by his own negligence.
Holland v. State Farm Mut. Auto. Ins. Co., 42,753 (La.App. 2d Cir.12/5/07), 973 So.2d 134; Dupree v. Sayes, 42,792 (La.App. 2d Cir.12/5/07), 974 So.2d 22. Where no facts are in dispute, summary judgment may be appropriate where a sudden emergency renders an accident unavoidable. Hood v. Sartor, 38,874 (La.App. 2d Cir.9/22/04), 882 So.2d 700, citing Severson v. St. Catherine of Sienna Catholic Church, 97-1026 (La.App. 5th Cir.2/11/98), 707 So.2d 1026, writ denied, 98-0653 (La.4/24/98), 717 So.2d 1178.
The Loyds argue that the doctrine was improperly applied by the trial court on summary judgment in this case. They submit that genuine issues of material fact exist that preclude summary judgment. Specifically, the Loyds point to the affidavit and deposition testimony of them expert witness, who opined that Mr. Wray had 3-4 seconds to make a decision on how to avoid the situation in front of him. They argue that this is “plenty of time to simply steer away from” a vehicle in one’s path. According to the Loyds, the expert further opined that Mr. Wray could have moved to the left after passing the initial emergency to avoid hitting the Loyds’ bike.
Lancer, however, points out that there is no dispute in the present case as to how the accident occurred. It argues that the fact that Mr. Wray may have had 3-4 seconds in which to react does not in any way support any negligence on his part for the evasive maneuver that he chose to take. Most significantly, Lancer quotes extensively from the deposition testimony of the Loyds’ own expert witness. In his testimony, the expert clearly states that he makes no opinion on the reasonableness of Mr. Wray’s actions. In [sfact, the expert agreed that Mr. Wray was faced with a sudden emergency. He repeatedly limited his testimony only to possible actions that could have been taken to avoid the impact that occurred, such as turning back to the left after the initial emergency was cleared to avoid being in the same path as the Loyds. The witness further agreed, how *1235 ever, that it was understandable for Mr. Wray to move to the right when faced with an unknown accident/problem occurring to his left.
Lancer submits that there is no possible interpretation of the undisputed facts in this case that would support liability. Lancer asserts, therefore, that this is an appropriate case for application of the sudden emergency doctrine on summary judgment and the trial court’s ruling should be affirmed. After a thorough de novo review of the testimony, we agree. Even the Loyds’ own expert agreed that Mr. Wray was faced with a sudden emergency. While there may have been other possible reactions he could have made during those 3 — 4 seconds, the expert opined that Mr. Wray’s choice to steer toward the shoulder and away from the direction of the group of motorcycles was reasonable. We conclude, therefore, that there is no possible finding of liability on the part of Mr. Wray and that there was a sudden emergency as a matter of law. See Lee v. Davis, 03-997 (La.App. 5th Cir.12/30/03), 864 So.2d 780; Marigny v. Allstate Ins. Co., 95-0952 (La.App. 4th Cir.1/31/96), 667 So.2d 1229, writ denied, 96-0693 (La.4/26/96), 672 So.2d 910.
| (¡CONCLUSION
For the foregoing reasons, the summary judgment granted by the trial court in favor of Defendants Lancer Insurance Company, et al., is affirmed. Costs of appeal are assessed to Plaintiffs, Randy L. Loyd and Rose Loyd.
AFFIRMED.