BROWN, Chief Judge.
| ;iThe question in these three consolidated cases is whether the lead vehicle in a multi-car pile up was negligent. Martin Lopez, the driver of the lead vehicle, a 1999 Freightliner semi-truck and trailer, his employer and insurer, filed motions for summary judgment which were granted by the trial court. Plaintiffs appealed. We affirm.

I

This accident occurred on the afternoon of August 25, 2007, in Shreveport, Louisiana. Adam Parisy was driving a 2000 Honda Civic north on Interstate 49. His passengers were Terry Henry, Nickolas Tate, and Justin Jimes. Parisy exited I-49 on a high rise ramp that curved over I-49 to Highway 3132. Parisy was behind the 1999 Freightliner being driven by Martin Lopez. At the top of the ramp, the turbocharger on the 18-wheeler exploded, engulfing the area in a cloud of white smoke. Lopez testified by deposition that the turbocharger was newly installed in July 2007. According to Lopez, when the turbocharger blew, the truck lost power and Lopez put it pin neutral and coasted down the ramp and then stopped on the side of the road. He was unaware of any collision.
Unable to see through the smoke, Parisy stopped at the top of the ramp. Defendant, Donald Highley, driving a 2002 International Bobtail truck, violently rear-ended the Parisy vehicle; and then, Paul Ware, driving a 2008 Ford F250 pickup *1120 truck pulling a trailer, rear-ended Highley. Parisy, Henry and Jimes were seriously injured as a result of the accident. They brought separate suits against Suhor Industries, Inc., Liberty Mutual Insurance Company and Donald Highley; Progressive Insurance Company and Dr. Paul Ware; Crum and Forster Indemnity Company,[1] Quality Intermodal Delivery Service, United States Fire Insurance Company and Martin Lopez.
Lopez, Quality Intermodal Delivery Service,[2] and United States Fire Insurance Company, Quality Intermodal’s insurer, filed motions for summary judgment asserting that there were no genuine issues as to material fact concerning Lopez’s negligence and consequently the claims against Lopez, his employer, and its insurer were not viable. After a hearing, the motions for summary judgment were granted. The trial judge gave his reasons orally:
The Court is going to grant the motion for summary judgment .... to do otherwise requires a triple inference. |fiThe defendants that filed the motion have suggested that the plaintiffs are unable to prove an essential element of then-case which is negligence on the part of (Lopez). To get anywhere near proving negligence on the part of the driver you would have to make three inferences that depend on each other. You would have to, first of all, infer from a scratch (on the hood of Pansy’s vehicle), with no positive testimony (Parisy and Henry had no memory of the accident) and direct testimony (from Lopez) just the other way, that an impact occurred. There’s no caving in of the (Honda), there’s just a scratch. So if you make that inference then you have to further find that — you have to infer that the Sudden Emergency Doctrine does not apply and then you would have to further infer that the statute says that you don’t — that prohibits basically stopping in the middle of the road unless disabled applies and you would have to infer there was no disabling of the vehicle within the meaning of the statute after the turbocharger had blown. I think given all of that and looking at the case as a whole I think it seems clear that there isn’t sufficient evidence — there isn’t evidence that is sufficient to meet the burden of proof that there is negligence on the part of the driver.
It is from this ruling that plaintiffs have appealed.[3] Donald Highley, Suhor Industries, and Liberty Mutual Insurance Co. are defendants-appellants in support of plaintiff-appellants’ position.[4]

II

We review the grant of a motion for summary judgment de novo, using the same considerations as the district court in determining whether summary judgment is appropriate. Argonaut Great Central Ins. Co. v. Hammett, 44,308 (La.App.2d Cir.06/03/09), 13 So.3d 1209, writ denied,, 09-1491 (La.10/02/09), 18 So.3d 122. A motion for summary judgment will be granted “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, *1121 show there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(B). A “genuine issue” is one on which reasonable minds could come to differing conclusions. Argonaut Great Central Ins. Co. v. Hammett, 44,308 (La.App.2d Cir.06/03/09), 13 So.3d 1209, unit denied, 09-1491 (La.10/02/09), 18 So.3d 122, citing Khan v. Richey, 40,805 (La.App.2d Cir.04/19/06), 927 So.2d 1267, writ denied., 06-1425 (La.11/03/06), 940 So.2d 662. A “material fact” is one which potentially insures or precludes recovery, affects a litigant’s ultimate success, or determines the outcome of a legal dispute. Factual inferences reasonably drawn from the evidence must be construed in favor of the nonmoving party. Yokum v. 615 Bourbon Street, L.L.C., 977 So.2d 859 (La.02/26/08).
Although a motion for summary judgment may be made in any civil action, it is not commonly interposed, or frequently granted, in negligence actions that require a determination of subjective facts, such as, motive, intent, good faith or knowledge. Tillman v. Eldridge, 44,460 (La.App. 2 Cir. 7/15/09), 17 So.3d 69. Under the sudden emergency doctrine, anyone who 17fmds himself in a position of imminent peril, without sufficient time to consider and weigh all the circumstances or the best means to adopt in order to avoid an impending danger, is not guilty of negligence if he fails to adopt what subsequently and upon reflection may appear to be the better method, unless the emergency is brought about by his own negligence. Therefore, where no facts are in dispute, summary judgment may be appropriate where a sudden emergency renders an accident unavoidable. Loyd v. Lancer Ins. Co., 43,859 (La.App. 2 Cir. 1/14/09), 999 So.2d 1232.

Ill

In brief, plaintiffs state then* argument as follows: “In addition to Lopez driving the truck which was owned by Quality Intermodal, and which caused the smoke and white-out to the above referenced collision, Lopez also was at fault in the collision for stopping in the middle of the highway after causing the white-out.” Plaintiffs argue that Highley’s truck slammed into their vehicle and drove their vehicle into Lopez’s rig. The collision by Highley was severe and plaintiffs were knocked out and remember only seeing smoke and stopping.
Plaintiffs claim that there are questions of fact regarding whether Lopez was negligent, specifically if Lopez stopped his vehicle on the ramp after the turbocharger blew. As stated by the trial court, plaintiffs had no Indirect or positive testimony to support, this theory. Rather, they offer as proof a scratch on the hood of Parisy’s vehicle that Parisy testified was. not there before the accident. Parisy brought the scratch to the court’s and opposing side’s attention when faced with a motion for summary judgment.
On the other hand, Lopez’s testimony is corroborated by both Highley and Ware. Highley, in his deposition, testified that Lopez’s truck was “continuing on” rather than stopped. Highley saw the smoke coming from Lopez’s truck trailing down the ramp. He stated that the entire lane was eventually filled with smoke because Lopez continued going forward after the turbocharger blew out. Highley stated that after everything was cleared Lopez was at the bottom of the ramp on the side of the road. Paul Ware testified that he witnessed the smoke trailing down from the top of the ramp. The police report of the accident does not indicate that there was a collision between Parisy’s vehicle and Lopez’s truck and Lopez was only listed on the police report because of the smoke, which his truck created.
Compared to the abundance of direct evidence in favor of Lopez’s account that *1122 he continued down the ramp to a safe location as opposed to stopping his vehicle on the ramp, there is no evidence that creates a genuine issue as to this material fact. The trial court reasonably concluded that Parisy’s vehicle did not collide with Lopez’s.
| ¡¡Plaintiffs’ other argument is that Lopez and Quality Intermodal were negligent because their truck caused the smoke and white-out.
The uncontradicted testimony and record shows that the turbocharger had been replaced less than two months before the blowout with a new one. There was no advance warning that the new turbocharger was subject to a blowout. The danger was not foreseeable and the care and maintenance of the truck was not lacking. All of the evidence concludes that Lopez and Quality Intermodal exercised ordinary care.
Defendant-appellant Highley, his employer Suhor Industries, and their insurer Liberty Mutual argue that Lopez reacted negligently to the situation after the blowout. This explosion created a perilous circumstance; after a loud “boom” the vehicle lost all power and plumes of smoke were emitted from the vehicle’s hood while Lopez was on top of the ramp. Faced with loss of power and decreased visibility, Lopez had to make an instant decision. His decision, based upon the direct evidence, was to put the vehicle in neutral and coast it down the ramp to a safe location. The Highley group presented an expert who opined that Lopez should have turned off his engine immediately instead of shifting the vehicle into neutral and coasting down the ramp, which is contrary to plaintiffs’ position. In short, they claim that Lopez should have stopped on the ramp. Lopez was faced with an imminent | mperil, and he took a course of action that required quick decision making without a cushion of time to weigh all of the circumstances. Far removed from the time and place of the incident, it is now suggested that Lopez’s course of action was not the best method. In deciding if ordinary care was chosen, the action must be considered in the light of all the surrounding circumstances. As the trial court found, Lopez acted with ordinary care in attempting to remove the danger by getting off the ramp.
Unavoidable and Inevitable Accident and Sudden Emergency doctrines are based upon the exercise of ordinary care. As stated, Lopez exercised ordinary care and was not negligent.
Conclusion
1 Given the above facts and law, we agree with the trial court and find the granting of the motion for summary judgment in favor of Martin Lopez, Quality Intermodal Delivery Service and United States Fire Insurance Company proper. Costs are assessed 50% equally against plaintiffs and 50% to defendants, Suhor Industries, Inc., Liberty Mutual Insurance, and Donald Highley.
AFFIRMED.

. Initially, Crum and Forster Indemnity Company was incorrectly named as a defendant but this was remedied by substituting in the true defendant, United States Fire Insurance Company.

. Quality Intermodal Deliver Service was alleged to be vicariously liable for Lopez's actions due to an alleged employer/employee relationship.

. Jimes is not a party to the present appeal.

. Their brief states that they are defendants-appellees.