BROWN, Chief Judge.
 

 hOn May 2, 2000, plaintiff, Argonaut Great Central Insurance Company (“Argonaut”), instituted this legal malpractice action naming attorney W. David Hammett, and the law firm of Davenport, Files and Kelly, L.L.P. (“Hammett/Davenport”), as defendants. The alleged malpractice concerns Hammett/Davenport’s failure to timely file Argonaut’s third party claim(s) for negligence and indemnity against Argonaut’s broker/agent Powell Insurance Company (“Powell”). This matter previously came before this court in
 
 Argonaut Great Cent. Ins. Co. v. Hammett,
 
 39,024 (La.App. 2d Cir.11/17/04), 887 So.2d 704,
 
 writ denied,
 
 04-3172 (La.02/25/05), 894 So.2d 1151, as a result of Argonaut’s objection to the granting of a motion for summary judgment in favor of defendants by the trial court. This court reversed the judgment of the trial court and remanded for further proceedings. On remand, following additional discovery, Hammett/Davenport filed a second motion for summary judgment, which the trial court granted. We are constrained to again reverse and remand.
 

 Facts
 

 This action arises out of an automobile/motorcycle accident that occurred on May 25, 1995. The relevant facts and procedural history are set forth in this court’s opinion in
 
 Huffman v. Goodman,
 
 34,361 (La.App. 2d Cir.04/04/01), 784 So.2d 718,
 
 writ denied,
 
 01-1331 (La.06/22/01), 794 So.2d 791.
 

 In
 
 Huffman,
 
 this court affirmed the dismissal of Argonaut’s third party claims for negligence and indemnity against Powell because they had |¡>been extinguished by peremption, and the supreme court subsequently denied writs. In our opinion, this court wrote:
 

 [W]e begin our analysis with the three-year peremptive period. Argonaut’s cross claim/third party demand was filed on October 17, 1998, clearly more than
 
 *1211
 
 three years after the issuance of the binder [by Powell] on May 23, 1995.
 

 Argonaut’s cross claim/third party demand [against Powell] was extinguished by the three-year peremptive period. In light of this finding, the issue of the one-year peremptive period is moot.
 

 Huffman,
 
 784 So.2d at 730, 734.
 

 As a result of this ruling, the legal malpractice action against Argonaut’s attorneys, Hammett/Davenport followed.
 

 Discussion
 

 As set forth by this court in
 
 Huffman, supra,
 
 the three-year peremptive period against the broker/agent began in May 1995, the date Powell issued a $1,000,000 binder for hired and non-owned (“H & NO”) coverage in favor of Podnuh’s BarB-Q contrary to instructions given by Argonaut. In Huffman’s lawsuit, Argonaut was named as a defendant in October 1997. Argonaut hired Hammett/Davenport as its attorneys in November 1997. Because the three-year peremptive period ended in May 1998, Hammett/Davenport had approximately seven months to assert Argonaut’s claim against Powell; however, a claim was not filed until October 1998.
 

 As a result of defendants’ failure to timely file a claim against Powell, Argonaut instigated the instant action against Hammett/Davenport for legal malpractice. Hammett/Davenport now argues that the one-year peremptive | ¡¡period provided in La. R.S. 9:5606 applies, and therefore, when they were retained in November 1997, Argonaut’s underlying action against Powell was already extinguished.
 

 La. R.S. 9:5606 states, in pertinent part:
 

 A. No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
 

 D. The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.
 

 In the first
 
 Argonaut
 
 case, this court explained the issue presented at that juncture. This explanation is equally relevant in the instant case, also involving a summary judgment motion filed by defendants.
 

 In
 
 Huffman,
 
 as previously stated, we found Argonaut’s third-party claim against Powell to be perempted under the three-year peremptive period of La. R.S. 9:5606. Accordingly, in that opinion, we did not address application of the one-year peremptive period.
 

 La. R.S. 9:5606 establishes a one-year peremptive period in which a party can file suit against an insurance agent. This period begins running from the date the plaintiff discovered or should have discovered the alleged act, omission, or neglect. Once it commences, the peremptive period is not subject to
 
 contra non valentem;
 
 the discovery rule merely provides the starting point of the peremptive period and is not a suspension or interruption as with
 
 contra non.
 

 
 *1212
 

 See Huffman, supra.
 
 The action is extinguished if the plaintiff fails to file within the one-year period.
 

 |4In the current action, application of the one-year period is a critical inquiry as Hammett/Davenport argues,
 
 inter alia,
 
 that Argonaut’s third-party claim was perempted under the one-year period before it was hired, as Argonaut’s counsel in the matter' in November 1997. For this reason, Hammett/Davenport asserts that the trial court was correct to grant summary judgment in its favor in this malpractice action. On the other hand, Argonaut maintains that there are genuine issues of material fact regarding when it had actual or constructive knowledge of the error made by Powell in binding H & NO coverage to Pod-nuh’s. After reviewing the deposition testimony and documents submitted on the motion, we agree that factual disputes exist in this regard sufficient to make summary judgment inappropriate on this issue.
 

 As previously stated, the one-year per-emptive period commences on the date the plaintiff discovered or should have discovered the alleged act, omission, or neglect, which, in this case, is Powell’s erroneous issuance of the binder reflecting hired and non-owned coverage in favor of Podnuh’s in May 1995. The specific issue, therefore, is when Argonaut discovered or should have discovered Powell’s erroneous issuance of the binder.
 

 Argonaut,
 
 887 So.2d at 708-09.
 

 The newly discovered evidence presented by defendants in this second motion for summary judgment showed that in August 1995, Powell issued two certificates of insurance to third parties which erroneously indicated that Podnuh’s had H & NO coverage from Argonaut. Powell also issued certificates of coverage to third parties in August and October 1996 which again indicated that Podnuh’s had H & NO coverage through Argonaut. Powell’s explanation for the issuance of the certificates is that, once the information was mistakenly entered into the agency’s computer (i.e., when the “x” marks were mistakenly placed on the binder), the computer would automatically note the H & NO coverage until corrected. Copies of each of these certificates of insurance were sent to and received |Bby Argonaut, and Argonaut’s receipt of those certificates is the basis for the claim that Argonaut had knowledge of the error as early as August of 1995.
 

 Appellate courts review summary judgment
 
 de novo,
 
 using the same criteria that govern the district court’s consideration of whether summary judgment is appropriate.
 
 Waste Management of Louisiana, L.L.C. v. Labor Finders International,
 
 43,-052 (La.App. 2d Cir.02/27/08), 978 So.2d 1058. A motion for summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B).
 

 A “genuine issue” is one on which reasonable persons could disagree.
 
 Khan v. Richey,
 
 40,805 (La.App. 2d Cir.04/19/06), 927 So.2d 1267,
 
 unit denied,
 
 06-1425 (La.11/03/06), 940 So.2d 662. A “material fact” is one which potentially insures or precludes recovery, affects a litigant’s ultimate success, or determines the outcome of the legal dispute.
 
 Id.
 

 Despite the legislative mandate that summary judgments are now favored, factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion and doubt must be resolved in the opponent’s favor.
 
 Independent Fire Ins. Co. v. Sunbeam Corp.,
 
 99-2181, 99-2257 (La.02/29/00), 755 So.2d 226;
 
 Knowles v. McCright’s Phar
 
 
 *1213
 

 macy, Inc.,
 
 34,559 (La.App. 2d Cir.04/04/01), 785 So.2d 101. Summary judgment is usually inappropriate for determinations based on subjective facts of motive, intent, good faith, knowledge or malice. |
 
 Smith v. Our Lady of the Lake Hosp., Inc.,
 
 93-2512 (La.07/05/94), 639 So.2d 730.
 

 Whereas the first Argonaut case examined the issuance and receipt of the binders as well as the certificates of insurance to determine whether Argonaut had actual or constructive knowledge of Powell’s error, the focus of the second motion for summary judgment and this appeal is only upon the certificates of insurance. Thus, the issue presently before us is whether the certificates of insurance issued by Powell, copies of which were sent to and received by Argonaut, constituted constructive knowledge on Argonaut’s part of erroneously bound H & NO coverage so as to commence the one-year peremptive period set forth in La. R.S. 9:5606.
 

 As previously stated, the discovery rule merely provides the starting point for the running of the one-year peremptive period, and once commenced it cannot be suspended or interrupted.
 
 Huffman, supra.
 
 If a plaintiff fails to file his/her action within the peremptive period, that action is extinguished. La. C.C. art. 3458. Should, however, a plaintiff never glean actual or constructive knowledge of the alleged act, omission, or neglect, the action must nonetheless be brought within three years of the alleged act, omission, or neglect.
 
 Huffman, supra.
 

 An injured party has constructive knowledge when it has sufficient information to incite curiosity, excite attention, or put a reasonable person on guard and to call for an inquiry.
 
 The Kroger Co. v. L.G. Barcus & Sons, Inc.,
 
 43,804 (La.App. 2d Cir.01/14/09), 2 So.3d 1163;
 
 Thomas v. Crawford,
 
 42,386 (La.App. 2d Cir.09/26/07), 966 So.2d 786.
 

 |7In the case
 
 sub judice,
 
 Hammett/Davenport contends that Argonaut had constructive knowledge of facts such that it could have known about Powell’s binding H & NO coverage in favor of Podnuh’s as early as August 1995, which is when Argonaut began receiving copies of certificates of insurance from Powell indicating that such coverage was in effect. Argonaut asserts, however, that the certificates of insurance were issued for the benefit of third parties, and as such, and in accordance with standard practices in the insurance business, the certificates did not warrant careful examination as they related to the underlying policy. In fact, the deposition testimony of Argonaut’s underwriters states that, although it could be done, it was standard practice not to compare certificates of insurance with the related policies.
 

 The trial court’s basis for granting Hammett/Davenport’s motion for summary judgment rested solely upon the discovery of additional evidence showing when Argonaut received possession of the certificates of insurance. In fact, the trial court stated that “there are no genuine issues of material fact as to when (August 1995) Argonaut received possession of the certificates of insurance and other relevant documents.” Although it may be correct that there are no genuine issues of material fact as to when Argonaut received the certificates of insurance, we find that there remains a genuine issue of material fact as to whether the certificates of insurance themselves impute constructive knowledge of Powell’s error to Argonaut. The certificates of insurance reflecting H & NO coverage were attached to requests from Powell to add additional insureds, locations, or mortgagees and were issued for the Isbenefit of third party certificate holders. None of the documents or the certificates that were attached pertained to H & NO coverage. And while establishing pos
 
 *1214
 
 session of certain documents is often sufficient to prove actual or constructive knowledge of the contents of those and related documents, this is not an absolute.
 

 Thus, the question is whether Argonaut’s mere possession of the certificates of insurance, which reflected H
 
 &
 
 NO coverage but did not directly pertain to the H & NO coverage, would prove knowledge of their content. If it were determined that Argonaut acted reasonably in its handling of the certificates of insurance issued by Powell, should it nonetheless be charged with constructive knowledge of Powell’s erroneous binding of H
 
 &
 
 NO coverage as a result of receiving the certificates? Further, would that not essentially be saying that an insurance company’s receipt of certificates of insurance should incite curiosity and require an inquiry into whether improper coverage has been reflected? We note that it could potentially be overly onerous on a large insurance company such as Argonaut to require its underwriters to reassess an underlying policy each time it receives a certificate of insurance from one of its agents. The determination of the above queries has a direct effect on when Argonaut discovered or should have discovered Powell’s error.
 

 Simply put, this is not a matter of whether Argonaut
 
 could have discovered
 
 Powell’s error, but rather a matter of whether, due to its possession of the certificates of insurance, Argonaut
 
 should have discovered
 
 Powell’s error.
 
 See
 
 La. R.S. 9:5606. The reasonableness of ^Argonaut’s standard practice of not comparing certificates of insurance to the related policy, whether that practice is in conformity with the standard practice of the insurance business as a whole, and whether Argonaut had a heightened duty to examine the certificates of insurance pertaining to Podnuh’s since it had previously denied Podnuh’s H & NO coverage, are all issues on which either reasonable persons could disagree or the weighing of conflicting evidence is required. As such, there clearly remains a genuine issue of material fact as to whether, as a result of receiving the certificates of insurance, Argonaut should have discovered Powell’s error.
 

 Thus, after resolving all doubt in favor of Argonaut, we find that the trial court erred in granting summary judgment based upon its determination that no genuine issues of material fact exist regarding when, prior to being sued in October 1997, Argonaut discovered or should have discovered Powell’s erroneous binding of H & NO coverage in favor of Podnuh’s.
 

 Conclusion
 

 For the reasons stated herein, the judgment of the trial court granting summary judgment in favor of defendants, W. David Hammett and Davenport, Files & Kelly, L.L.P., is hereby reversed, and the matter is remanded for further proceedings. Costs of this appeal are assessed to defendants.