LOLLEY, J.
 

 12Ellen and Ralph Van appeal the judgment of the 4th Judicial District Court, Parish of Morehouse, State of Louisiana, granting the motion for summary judgment by Safeway Insurance Company of Louisiana. For the following reasons, we reverse the judgment of the trial court and remand for further proceedings.
 

 
 *523
 
 Facts
 

 On April 26, 2002, Ellen Van was operating her vehicle on McReight Street in Bas-trop, Louisiana. April Canada, a minor, was driving a 1998 Ford Ranger truck owned by Steven Ferrell.
 
 [1]
 
 As April approached the intersection of Ross and McReight Streets, the Vans allege that she failed to stop and/or yield at the intersection, which was controlled by a stop sign. April collided with Van’s vehicle as she was also going through the intersection. Ellen and her husband, Ralph, claim that the collision caused Ellen to suffer personal injuries, including injuries to her back and other parts of her body.
 

 Ellen and Ralph filed suit against Ferrell and his insurer, Safeway Insurance Company of Louisiana (“Safeway”). Safeway answered the petition and asserted the affirmative defense of nonpermissive use by the driver, April. After a period of discovery in which the depositions of April, her mother Tracy Canada Ferrell, and Ferrell were taken, Safeway filed its motion for summary judgment, re-asserting its defense of nonpermissive use by April. After a hearing on the matter, a judgment was rendered in favor of Safeway. This appeal by the Vans ensued.
 

 Discussion
 

 On appeal, the Vans maintain that the trial court erred in granting Safeway’s motion for summary judgment by finding an absence of any genuine issue of material fact sufficient to overcome a motion for summary judgment. The Vans submit that there exists a genuine issue of material fact over the issue of April’s permission to drive Ferrell’s truck, and the trial court incorrectly made a credibility determination as to whether she had permission to drive the truck. We agree.
 

 1SA motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief sought by a litigant.
 
 Samaha v. Rau,
 
 2007-1726 (La.02/26/08), 977 So.2d 880. Appellate courts review summary judgments
 
 de novo,
 
 using the same criteria that govern the district court’s consideration of whether summary judgment is appropriate.
 
 Hill v. Shelter Mut. Ins. Co.,
 
 2005-1783 (La.07/10/06), 935 So.2d 691. Summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 B. The interpretation of an insurance contract is usually a legal question that can be properly resolved by motion for summary judgment.
 
 Henry v. South Louisiana Sugars Co-op. Inc.,
 
 2006-2764 (La.05/22/07), 957 So.2d 1275;
 
 Walker ex rel. Walker v. State Farm Mut. Auto. Ins. Co.,
 
 42,051 (La.App.2d Cir.04/04/07), 954 So.2d 847.
 

 A fact is material if it potentially insures or precludes recovery, affects a litigant’s ultimate success, or determines the outcome of the legal dispute.
 
 Hines v. Garrett,
 
 2004-0806 (La.06/25/04), 876 So.2d 764;
 
 Khan v. Richey,
 
 40,805 (La.App.2d Cir.04/19/06), 927 So.2d 1267,
 
 writ denied,
 
 2006-1425 (La.11/03/06), 940 So.2d 662. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate.
 
 Id.
 

 
 *524
 
 All motor vehicle liability insurance policies are required to include an omnibus clause which extends coverage to the person named therein and to any other person using such motor vehicle with the express or implied permission of the named insured. La. R.S. 32:900(B). Permission can be express or implied.
 
 Manzella v. Doe,
 
 1994-2854 (La.12/08/95), 664 So.2d 398. Once permission, either express or implied, is granted by the insured to use the vehicle, any subsequent changes in the character of the use do not require additional specific consent of the insured. Thereafter, coverage will be denied only if the deviation from permissive use amounts to theft or other conduct displaying utter disregard for the return or safekeeping of the |4vehicle.
 
 Wells v. Kemper Cas. Ins. Co.,
 
 35,304 (La.App.2d Cir.12/28/01), 803 So.2d 450,
 
 writ denied,
 
 2002-0271 (La.03/28/02), 812 So.2d 634.
 

 Here, based on the consistent testimony of April, Tracy and Ferrell, it is apparent that April did not have express permission to drive his truck on the date in question. Thus, the question before us is whether there is a genuine issue of material fact that April had implied permission to drive the truck into Bastrop, where she was involved in the collision at issue. Implied permission arises when the named insured acquiesces in or does not object to the use of the vehicle.
 
 Manzella, supra.
 

 In this particular case, summary judgment was inappropriate because of the inconsistent deposition testimony of the parties regarding the
 
 most
 
 material issue of fact in this litigation, i.e., whether April had permission to drive the insured vehicle. Resolution of an issue depending on credibility determinations and the weighing of evidence is within the province of the factfinder and are appropriate for a trial on the merits, but are inappropriate for deciding a motion for summary judgment.
 
 See Harris v. Dunn,
 
 45,619 (La. App.2d Cir.09/22/10), 48 So.3d 367. Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of trial on the merits.
 
 Property Ins. Ass’n of Louisiana v. TheHot,
 
 2009-1152 (La.03/16/10), 31 So.3d 1012,1014.
 

 As stated, all of the considered deposition testimony was consistent that April had not been given express permission to take Ferrell’s truck to work the day of the accident. However, considering the deposition testimony of Ferrell, Tracy and April, it is inconclusive whether April did or did not have implied permission to drive Ferrell’s truck. Ferrell related that April did not have his express permission to drive the truck to work that day. Although Ferrell stated that she had never taken the truck to work before, he admitted that the truck was at the house, as were the keys to the truck. Furthermore, Ferrell had never told April explicitly she could not drive the truck.
 

 Tracy’s deposition testimony agreed with Ferrell’s in that April did not have explicit permission to drive to work that day. However, she did note that April had driven the truck unaccompanied on occasion. Seeming [5to contradict herself on this point, Tracy also claimed that April mostly drove only with Tracy or with a friend who was a licensed driver.
 

 April’s testimony was perhaps the most telling. At the time of the accident, April did not have a driver’s license, but was driving with a learner’s permit, which required that she drive only in the presence of a licenced driver. Notably, April recounted a previous collision she had while driving alone with only her learner’s permit. She explained that at the time of that collision, her mother had sent her to the grocery store driving Tracy’s car alone. Regarding Ferrell’s truck, according to
 
 *525
 
 April, she had driven it “a hundred” times on the gravel roads around the house where she lived with Ferrell and Tracy, with their permission. Moreover, she indicated that Tracy and Ferrell had left the house, but knew she had to report to work as she regularly did. April confirmed Ferrell’s testimony, that she had never been told explicitly not to take the truck into town, and she believed that since the truck was available, and they knew she had to work, she had permission to take it into town.
 

 Here, had the deposition testimony been unequivocal, summary judgment in favor of Safeway on the issue of permission would have been appropriate. But considering the discrepant testimony of the parties, a credibility call had to be made by the trial court in order to rule in favor of Safeway in its motion for summary judgment. Such a credibility call was improper on a motion for summary judgment and, on the particular facts of this case, we conclude that the granting of Safewa/s motion for summary judgment was in error.
 

 Conclusion
 

 Considering the foregoing, we reverse the judgment of the trial court granting the motion for summary judgment in favor of Safeway Insurance Company of Louisiana. All costs of these proceedings are assessed to Safeway and this matter is remanded to the trial court for further proceedings.
 

 REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
 

 [1]
 

 . April lived in Ferrell’s home with him and her mother, Tracy Canada. Ferrell and Tracy subsequently married.