Judgment rendered April 22, 2020.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 53,463-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

JAMES ASHTON LONG, ET AL.                    Plaintiffs-Appellees

versus

THE SUCCESSION OF MARIAN                      Defendants-Appellants
SHIRLEY JAMES LONG, ET AL.

* * * * *

Appealed from the
Forty-Second Judicial District Court for the
Parish of DeSoto, Louisiana
Trial Court No. 77121

Honorable Amy Burford McCartney, Judge

* * * * *

AYRES, SHELTON, WILLIAMS,               Counsel for Appellants
BENSON & PAINE, L.L.C.
By: Lee H. Ayres
    Ryan P. Telep


BETHARD & BETHARD, L.L.P.                Counsel for Appellees
By: Robert E. Bethard


* * * * *

Before WILLIAMS, STONE, and COX, JJ.

**WILLIAMS, C.J.**

The defendants, M&M Long Properties, LLC, and Marian Alice Long, individually, as executrix of the Succession of Marian Long, as trustee of the Marvin Long Family Trust and as trustee of the Long Investments Trust, appeal a judgment granting partial summary judgment in favor of the plaintiff, James Ashton Long. The district court found that the sale of the Marvin Long Family Trust's membership interest in M&M Long Properties, LLC was null. For the following reasons, we reverse and remand for further proceedings.

## FACTS

In September 1995, Marvin Vivian Long ("Marvin") and his wife, Marian Shirley Long ("Marian"), established the Marvin and Marian Long Living Trust and served as the original trustees. James Ashton Long ("Ashton") and Marian Alice Long ("Alice") are the children of Marvin and Marian. Upon Marvin's death in April 2002, the Marvin and Marian Long Living Trust split into two separate trusts, the Marvin Long Family Trust ("Marvin Trust"), which was irrevocable, and the Marian Long Living Trust ("Marian Living Trust"). Marian was the sole income beneficiary of the Marvin Trust and Alice and Ashton were the principal beneficiaries. Section 12.5 of the Marvin Trust provided that if one settlor ceased to serve as trustee, the other settlor shall serve as the sole trustee, with the power to appoint a successor trustee.

On September 22, 2002, Marian executed an authentic act appointing Alice as "co-trustee" of the Marvin Trust. On that same date, M&M Long Properties, LLC ("M&M") was created with the following members: Marvin Trust with a 39.67% membership interest; Marian Long Living Trust

with 39.67% interest; and Alice, individually, with a 20.65% interest. M&M primarily owned immovable property located in DeSoto Parish that had been contributed by its members and mineral royalties. In February 2003, Marian appointed Alice as successor trustee of the Marvin Trust.

In 2008, after hearing an estate planning seminar, Marian decided to create the Long Investments Trust ("Long Investments") with Alice as the trustee and beneficiary. Ashton was not a beneficiary of the Long Investments Trust. The plan was to have the Marvin Trust and the Marian Living Trust each sell its membership interest in M&M to the Long Investments Trust. The purchase price was based on a fair market value appraisal. On October 7, 2008, the Marvin Trust and the Marian Living Trust each sold its membership interest in M&M to the Long Investments Trust for the amount of $273,405. In December 2008, M&M sold 50% of its mineral royalties for the price of $2,634,480. Alice and Marian were the managers of M&M at the time.

In July 2015, Marian died and her succession was opened. In February 2016, the plaintiff, Ashton, individually and as beneficiary of the Marvin Trust, filed a petition for damages seeking to nullify the sale of trust assets against defendants, M&M Long Properties, LLC, and Marian Alice Long, individually, as executrix of the Succession of Marian Long, as trustee of the Marvin Long Family Trust and as trustee of the Long Investments Trust. The parties later filed cross motions for partial summary judgment. After a hearing, the trial court issued written reasons for judgment finding that Alice was a co-trustee of the Marvin Trust at the time of the sale of its interest in M&M to Long Investments Trust. As a result, the court found that Alice violated her fiduciary duty as trustee by selling the Marvin Trust

2

property to herself as trustee of Long Investments Trust. The trial court further found that the sale violated the operating agreement of M&M. The trial court denied defendants' motion for partial summary judgment on the issue of limitation of damages and plaintiff's motion regarding Marian's acts in conveying the trust interest. The district court rendered partial summary judgment in favor of plaintiff declaring as null and void the sale of the Marvin Trust interest in M&M to Long Investments Trust in October 2008. The defendants appeal the partial summary judgment.

## DISCUSSION

The defendants contend the district court erred in granting partial summary judgment in favor of plaintiff. Defendants argue that summary judgment was improper because a genuine issue of material fact exists as to whether Alice Long was a co-trustee of the Marvin Trust at the time of the sale in October 2008.

An original trustee, an alternate trustee or a successor trustee may be designated in the trust instrument or chosen by the use of a method provided therein. If the trust instrument does not designate a trustee or the trustee ceases to serve as trustee, then the proper court shall appoint one or more trustees. La. R.S. 9:1785.

Appellate courts review summary judgments de novo, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. *Samaha v. Rau*, 2007-1726 (La. 2/26/08), 977 So.2d 880; *Argonaut Great Central Ins. Co. v. Hammett*, 44,308 (La. App. 2 Cir. 6/3/09), 13 So.3d 1209, *writ denied*, 2009-1491 (La. 10/2/09), 18 So.3d 122. Summary judgment shall be rendered if the motion, memorandum and supporting documents show there is no genuine issue as to material fact and

that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). A fact is "material" if it potentially ensures or precludes recovery, affects a litigant's ultimate success or determines the outcome of the legal dispute. *Van v. Ferrell*, 45,977 (La. App. 2 Cir. 3/2/11), 58 So.3d 522. In ruling on a motion for summary judgment, the district court's role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Hines v. Garrett*, 2004-0806 (La. 6/25/04), 876 So.2d 764.

In the present case, the record shows that Marvin and Marian Long were the settlors of the Marvin Trust. The trust instrument provided that "should a settlor cease or fail to serve as trustee, the other shall serve as sole trustee." Despite this provision, in September 2002, Marian signed an authentic act appointing Alice as "co-trustee" of the Marvin Trust. Then, in February 2003, Marian appointed Alice as successor trustee of the Marvin Trust in an act stating that Marian and Alice were serving as "co-trustees," but that Marian had intended that "should she cease or fail to serve as trustee, then [Alice] shall serve as sole successor trustee."

When completing the transaction in October 2008, the parties executed a number of documents, including a bill of sale, a valuation agreement and a promissory note. However, Alice did not sign those documents as co-trustee of the Marvin Trust, consistent with the intent expressed in the act appointing her successor trustee. In contrast, the record also contains documents that Alice did sign as co-trustee of the Marvin Trust, such as a deed transferring immovable property to M&M, the act accepting her appointment as successor trustee and a mineral lease.

4

In opposing summary judgment, defendants submitted the transcript of Alice's testimony at a hearing on their exceptions. Alice testified that at the time of the transaction in 2008, her mother, Marian, was the trustee of the Marvin Trust and that Alice was not a trustee of the Marvin Trust. Alice stated that her understanding was that Marian did not have the authority to appoint a co-trustee under the terms of the Marvin Trust instrument. Alice acknowledged that she had mistakenly signed a number of documents as co-trustee of the Marvin Trust. Alice testified that her appointment as successor trustee was intended to correct the prior mistaken appointment of her as co-trustee.

The district court found that Marian, as trustee of the Marvin Trust, had the authority under the trust instrument to appoint co-trustees. Contrary to the court's finding, paragraph 12.5 of the trust instrument expressly provides that Marian shall serve as "sole" trustee. Based upon this record, an issue of fact exists as to whether the settlors of the Marvin Trust included this provision with the intention to limit the power of the trustee to appoint co-trustees. Another factual issue is whether Marian intended to correct or revoke the appointment of Alice as co-trustee by appointing her as successor trustee.

Thus, this case involves issues of intent that are not suitable for summary judgment because the fact finder will need to weigh the testimony of witnesses and the documentary evidence to make such factual determinations. Considering the evidence presented, we conclude the district court erred in finding on summary judgment that Alice was serving as co-trustee of the Marvin Trust and breached her fiduciary duty at the time of the 2008 transaction.

5

Plaintiff argues in his appellate brief that even if Alice was not co-trustee of the Marvin Trust at the time of the 2008 transaction, Marian committed self-dealing as trustee by selling the Marvin Trust interest in M&M to a relative, her daughter Alice, who was the trustee of Long Investments. Plaintiff asserts that this sale to a relative was prohibited by Article 2085(A) and is null. However, we note that the authority cited by plaintiff refers to situations involving a trustee selling trust property to herself or to a relative individually. Here, in contrast, Marian did not sell the Marvin Trust interest to Alice in her individual capacity. Thus, plaintiff's argument lacks merit.

Defendants contend the district court erred in finding that the parties involved in the October 2008 transaction violated the requirements for transfer of a membership interest contained in the M&M operating agreement. They argue that the transaction was valid because the sale was subject to an exception in the operating agreement.

Parties are free to contract for any object that is lawful. La. C.C. art. 1971. The operating agreement of a limited liability company is contractual in nature and is interpreted pursuant to contract law. *Kinkle v. R.D.C., LLC*, 2004-1092 (La. App. 3 Cir. 12/8/04), 889 So.2d 405.

In this case, Article 12.1 of the M&M operating agreement provides that a member may transfer a membership interest pursuant to a written offer from a qualified buyer and the member shall serve notice of his intent to transfer the membership interest to the other members. Article 12.1.2.3 provides that if the offer contains no terms of payment, the purchase price shall be paid by giving the transferring member a promissory note providing for 20 equal quarterly payments. Article 12.2 provides that a member may

6

transfer his membership interest to an immediate family member or to a trust of which his descendants are the beneficiaries without complying with article 12.1.

The record shows that at the time of the 2008 transaction, the members of M&M were Marian as trustee of the Marvin Trust, Alice and Marian as co-trustees of the Marian Living Trust and Alice individually. In addition, Marian and Alice were the managers of M&M. As a result, in the transfer of the Marvin Trust membership interest, there were no other members of M&M who were required to receive notice of the sale under the operating agreement. Further, we note that even accepting for the purpose of argument that the transfer of the Marvin Trust membership interest did not comply with the M&M operating agreement, the record shows that M&M did not insist upon the strict performance of the provisions of the operating agreement in this transaction and has not sought redress for any violation of such provisions. Thus, an issue of material fact exists as to whether the conduct of M&M constitutes a waiver of the operating agreement provisions with respect to the sale of the Marvin Trust membership interest.

Based upon this record, issues of material fact exist which make summary judgment inappropriate in this case. Consequently, we shall reverse the judgment and remand this matter for further proceedings. In reaching this conclusion, we pretermit discussion of the assignment of error regarding the affidavit submitted by defendants.

7

**CONCLUSION**

For the foregoing reasons, the district court's summary judgment is hereby reversed.  This matter is remanded for further proceedings.  Costs of this appeal are assessed to the appellee, James Ashton Long.

**SUMMARY JUDGMENT REVERSED; REMANDED FOR FURTHER PROCEEDINGS.**