| CHARLES R. STEIB | * | NO. 2020-CA-0424 |
|---|---|---|
| VERSUS | * | COURT OF APPEAL |
| LAMORAK INSURANCE COMPANY, ET AL. | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |
| | * | |
| | * | |

* * * * * * *

*SCJ*

**JENKINS, J., DISSENTS WITH REASONS**

I respectfully dissent from the majority's conclusion that Plaintiffs presented insufficient evidence of causation to create a genuine issue of material fact as to that essential element of their claims. According to the majority, Plaintiffs were unable to present "some evidence" linking the presence of asbestos-containing materials with the work that Mr. Steib performed for Parsons at Marathon during the 1975 to 1977 time frame. I find that Plaintiffs presented sufficient evidence to establish that they will be able to satisfy their evidentiary burden of proof at trial on the element of causation.

**Asbestos Was Present at the Marathon Construction Site**.

Defendants concede that Parsons' construction plans for the Marathon facility called for the use of asbestos-containing gaskets. Mr. Steib's co-worker, Elton Chenier, testified that asbestos gaskets, blankets, gloves and packing were used on the Marathon job. Robert Chenier testified that "all the gaskets in those days was [sic] asbestos." Mr. Alonzo testified that the gaskets used for hot piping were asbestos gaskets. Although Defendants contend that Mr. Alonzo's identification of the gaskets as containing asbestos was "speculative" because Mr. Alonzo could not remember specific style numbers or any other specific identifying information to suggest that the gaskets contained asbestos, this Court

1

has rejected the idea that specificity – such as dates and jobsites in latent disease cases dating back 40 or 50 years – is required to defeat summary judgment in an asbestos exposure case. *Courville v. Lamorak*, 20-0073, p. 5 (La. App. 4 Cir. 5/27/20), 301 So.3d 557, 561, *writ denied*, 20-00812 (La. 10/14/20), 302 So.3d 1100.

**Mr. Steib Was Exposed to Asbestos at the Construction Site.**

Raymond Chenier stated in an affidavit that he worked with Mr. Steib at Marathon where they removed asbestos gaskets with a scraper and wire brush, and worked around others doing this work. Raymond Chenier confirmed that Mr. Steib used asbestos gaskets and worked side by side with insulators on the job. Although Raymond Chenier gave conflicting testimony at his deposition that he never saw Mr. Steib working with gaskets, the weighing of conflicting evidence has no place when considering a motion for summary judgment. *South Cen. Bell Tel. Co. v. Rouse Co. of Louisiana*, 590 So.2d 801, 804 (La. App. 4th Cir. 1991); *Van v. Ferrell,* 45,977, p 4 (La. App. 2 Cir. 3/2/11), 58 So.3d 522, 524 (finding summary judgment inappropriate because of the conflicting testimony of the parties regarding the most material issue of fact in the litigation).

Mr. Alonzo testified that he could see remnants of the asbestos sticking out of the gaskets, and that he and Mr. Steib were exposed when handling the gaskets. Mr. Alonzo also testified that he recalls Mr. Steib being exposed to asbestos and asbestos dust, which would fall when he walked through an area in which insulators were installing insulation on the pipes.

Elton Chenier testified that, because Mr. Steib was a foreperson, when he trained apprentice pipefitters, he would have to cut and remove asbestos gaskets during the testing of the lines. Defendants emphasize Elton Chenier's contradictory testimony on the one hand that he did not know if Mr. Steib worked around insulators, and on the other hand that he and Mr. Steib had to work around

2

insulators, who worked on scaffolding with insulation residue on it. Making evaluations of credibility has no place in determining a summary judgment. *Patterson v. Al Copeland Enters., Inc.*, 95-2288, p. 2 (La. App. 4 Cir. 1/19/96), 667 So.2d 1188, 1190.

In sum, "[i]n determining whether an issue is genuine, courts cannot consider the merits, make credibility determinations, evaluate testimony, or weigh evidence." *Romain v. Brooks Restaurants, Inc.*, 20-0243, p. 3 (La. App. 4 Cir. 11/18/20), -- So.3d --, 2020 WL 6778790, * 3. I find there are genuine issues of material fact as to whether the presence of asbestos materials at the site can be linked to the work that Mr. Steib performed for Parsons at the Marathon facility from 1975 to 1977. Accordingly, I would reverse the trial court's judgment granting Defendants' motion for summary judgment.