Judgment rendered June 30, 2021.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 53,957-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

| | |
|---|---|
| MARK DOYLE CONSTRUCTION, LLC | Plaintiff-Appellant |

versus

| | |
|---|---|
| DVR LA2, LLC, AND DVR SHREVEPORT, LLC | Defendants-Appellees |

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 612657

Honorable Craig O. Marcotte, Judge

* * * * *

| | |
|---|---|
| McMICHAEL, MEDLIN, D'ANNA, WEDGEWORTH & LAFARGUE, L.L.C. By: James C. McMichael, Jr.     Mark E. Carter | Counsel for Appellant |
| JUSTIN P. SMITH | Counsel for Appellees |

* * * * *

Before STEPHENS, THOMPSON, and HUNTER, JJ.

**HUNTER, J.**

The plaintiff, Mark Doyle Construction, LLC, appeals a summary judgment in favor of the defendants, DVR LA2, LLC and DVR Shreveport, LLC. The district court determined that plaintiff had not presented evidence to raise an issue of fact as to whether additional payment was owed for the work performed. For the following reasons, we affirm.

## FACTS

In 2013, Shreveport Business Park, LLC ("SBP"), leased a portion of the former General Motors automobile plant ("GM Plant") and 437 adjoining acres. In 2016, SBP subleased 100,000 square feet of office/processing space in the GM Plant and the acreage to DVR LA2, LLC, and DVR Shreveport, LLC (collectively referred to as "DVR"). In April 2017, DVR and Mark Doyle Construction, LLC ("Doyle"), entered into an agreement providing that Doyle would make parking area improvements at the plant, including land clearing, site preparation and paving. The contract stated that the two-phase project would consist of 75 unimproved acres in Phase I and 115 unimproved acres in Phase II, a total of 190 acres. In addition, section 15.7.4 of the contract provided that acceptance of final payment "shall constitute a waiver of claims by the payee except those previously made in writing" and identified as unsettled at the time of final payment.

From April to July 2017, Doyle worked on 68 acres of the 75 acres included in Phase I. During that time, Doyle submitted 34 invoices to DVR seeking payment for work performed and expenses in the total amount of $2,925,864.78. DVR paid each of those invoices in full. On July 24, 2017, Doyle sent DVR an invoice marked "Final Payment for 45 acres at GM

Plant in Shreveport" in the amount of $75,000. On that same date, DVR wired the full amount of the invoice to Doyle, which accepted the payment.

In December 2017, the parties agreed to a second contract, which provided that Doyle would finish work on 9 acres of parking that had been partially completed in Phase I and develop an additional 24 unimproved acres with new parking for a total price of $505,000. This second contract was signed by the parties and contained an integration clause in section 1.1.2, stating that this contract "represents the entire and integrated agreement between the parties hereto and supersedes prior negotiations, representations or agreements, either written or oral." The contract does not refer to an agreement to pay for work already performed by Doyle or a promise of future work regarding an additional 50 acres. While performing the work described in the second contract, Doyle submitted weekly invoices to DVR, which paid each invoice in full. Doyle was paid the full amount for the work completed under the December 2017 contract.

In February 2018, Doyle sent an invoice to DVR seeking payment of $1,206,854 for work allegedly completed by Doyle during the months of April-June 2017, for which it had not been paid. DVR refused to pay and a short time later, Doyle sent another invoice seeking payment of $1,390,256. After DVR refused to pay, Doyle sent a third invoice, dated August 18, 2018, for the amount of $1,426,012. DVR denied that any amount was owed and again declined to pay. Doyle then filed a statement of claim and privilege in the public records of Caddo Parish to preserve its claims against DVR for payment of the alleged indebtedness.

Subsequently, the plaintiff, Doyle, filed a petition alleging that contrary to the parties' agreements, DVR had failed to pay Doyle for the

work described in the disputed invoice and to provide Doyle with the opportunity for additional work. DVR filed an answer and reconventional demand alleging that Doyle's statement of claim and privilege was not valid. Following discovery, DVR filed a motion for summary judgment on the grounds that Doyle had been paid for the work performed and that the integration clause in the December 2017 contract superseded any prior agreements between the parties. In its opposition, Doyle argued that issues of genuine fact existed as to whether it intended to waive all claims against DVR by submitting an invoice for final payment regarding 45 acres and whether the parties intended the integration clause to apply to the prior written contract and oral agreements.

After a hearing, the district court granted DVR's motion for summary judgment, finding that Doyle's acceptance of final payment waived any claims under the first contract and that the integration clause in the second contract superseded any prior agreements by the parties. The district court rendered summary judgment in favor of DVR, dismissing Doyle's claims and cancelling the statement of privilege. Doyle appeals the judgment.

**DISCUSSION**

We first address Doyle's assignment of error alleging that the trial court erred in finding insufficient evidence of an oral agreement by the parties providing that Doyle would be paid for the work shown on the disputed August 2018 invoice. After reviewing the trial court's oral reasons for judgment, we note that the court did not grant summary judgment based on a finding of a lack of evidence of an oral agreement. Rather, the trial court determined that even if there was evidence of an oral agreement by the parties, Doyle had waived its claims by accepting final payment without

3

reserving in writing its rights to an unpaid amount and by signing the subsequent contract, which superseded all prior oral or written agreements. Thus, the assignment of error lacks merit.

Doyle contends the trial court erred in granting DVR's motion for summary judgment. Doyle argues there is a genuine issue of material fact as to whether accepting payment for an invoice noted as "final payment for 45 acres" constitutes a waiver of its claim based on an oral agreement with DVR.

Appellate courts review summary judgments de novo, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. *Samaha v. Rau*, 2007-1726 (La. 2/26/08), 977 So.2d 880; *Argonaut Great Central Ins. Co. v. Hammett*, 44,308 (La. App. 2 Cir. 6/3/09), 13 So.3d 1209, *writ denied*, 2009-1491 (La. 10/2/09), 18 So.3d 122. Summary judgment shall be rendered if the motion, memorandum and supporting documents show there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). A fact is "material" if it potentially ensures or precludes recovery, affects a litigant's ultimate success or determines the outcome of the legal dispute. *Van v. Ferrell*, 45,977 (La. App. 2 Cir. 3/2/11), 58 So.3d 522. In ruling on a motion for summary judgment, the district court's role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Hines v. Garrett*, 2004-0806 (La. 6/25/04), 876 So.2d 764.

A contract is an agreement by two or more parties whereby obligations are created, modified or extinguished. La. C.C. art. 1906. Contracts have the effect of law for the parties. La. C.C. art. 1983. When

4

the words of a contract are explicit and do not lead to absurd consequences, no further interpretation may be made in search of the parties' intent. La. C.C. art. 2046.

In this case, Doyle asserts in its brief that while performing the work described in the first written contract, Doyle made oral agreements with DVR's representative, Gallub, to perform additional work that was beyond the scope of the written contract. In performing this additional work, Doyle did not follow the practice of submitting invoices as the work progressed. Vernon Thomas, Doyle's supervisor at the GM Plant site, testified in his deposition that Doyle stopped work at the site because DVR had run out of money and needed to sign a new lease to obtain funding for the project. Thomas stated that he was told by Gallub that DVR would pay Doyle for the additional work in the second phase of the project after a lease was signed.

Even accepting Doyle's argument that its claim for the additional work was not waived by the acceptance of payment in July 2017, we must consider the provisions of the parties' subsequent written contract in December 2017, providing that Doyle would perform work on a specified number of acres for a set price. Article 1 of this contract states that it is the "entire and integrated agreement between the parties hereto and supersedes" prior written or oral representations or agreements.

Doyle contends the trial court erred in finding that the integration clause in the second written contract applied to Doyle's claims based on the first written contract and the oral agreements. Doyle argues that the integration clause does not supersede the first contract and prior oral agreements because these agreements are separate and unique from the December 2017 contract.

5

An integration clause, also known as a merger clause, is a contractual provision stating that the contract represents the parties' complete and final agreement. *Wall v. Bryan*, 52,165 (La. App. 2 Cir. 6/27/18), 251 So.3d 650, *writs denied*, 2018-1280, 2018-1270 (La. 11/5/18), 255 So.3d 1047, 1051. An integration clause precludes any prior or contemporaneous agreements which are not set forth in the contract. *Wall v. Bryan, supra*.

In the present case, the record shows that Doyle was able to review the December 2017 contract that included the integration clause before signing. However, although the contract includes a number of exhibits, such as the scope of work and site plan, Doyle did not include any provision requiring DVR to pay for the extra work performed pursuant to the alleged prior oral agreement.

In *Wall, supra*, this court found that a subsequent settlement agreement, which included an integration clause, explicitly stated the parties' intent that the settlement agreement superseded all prior agreements. Similar to the situation in *Wall, supra*, in this case the language of the integration clause explicitly sets forth the parties' intent that the December 2017 contract superseded all prior written or oral agreements. The December 2017 contract is the entire agreement between the parties and makes no provision for payment to Doyle for the work described in the disputed invoice. Thus, in signing the contract Doyle waived its claims based on agreements made prior to execution of the contract in December 2017. The authority cited by Doyle in its brief does not support the position that the integration clause is not applicable to its claims.

Based upon this record, we cannot say the trial court erred in determining that the December 2017 contract superseded any prior oral and

written agreements on which Doyle based its claims. Consequently, the trial court did not err in granting DVR's motion for summary judgment. Thus, the assignment of error lacks merit.

Because the record supports the summary judgment in favor of DVR and the dismissal of Doyle's claims, we conclude the trial court correctly cancelled Doyle's statement of claim and privilege based on the finding that Doyle had failed to establish a valid claim to support the filing of the lien. The assignment of error lacks merit.

## CONCLUSION

For the foregoing reasons, the trial court's judgment is affirmed. Costs of this appeal are assessed to the appellant, Mark Doyle Construction, LLC.

**AFFIRMED.**