Judgment rendered April 5, 2022.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 54,411-CA
No. 54,412-CA
(Consolidated Cases)

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

No. 54,411-CA

RICHLAND STATE BANK
Plaintiff-Appellant

versus

BENNY L. DEPINGRE AND
PATRICIA CATRON DEPINGRE
Defendants-Appellees

No. 54,412-CA

PATRICIA CATRON DEPINGRE
Plaintiff-Appellee

versus

RICHLAND STATE BANCORP,
LLC
Defendant-Appellant

* * * * *

Appealed from the
Twenty-Sixth Judicial District Court for the
Parish of Webster, Louisiana
Trial Court Nos. 77311 and 77313

Honorable Robert L. Pittard, Judge

* * * * *

THE COHN LAW FIRM                        Counsel for Appellant
By: Bartley P. Bourgeois

McMICHAEL, MEDLIN, D'ANNA,                Counsel for Appellee,
WEDGEWORTH & LAFARGUE, L.L.C.            Benny L. dePingre
By: James C. McMichael, Jr.

SENTELL LAW FIRM, L.L.C.                  Counsel for Appellees,
By: Charles Sherburne Sentell, Jr.       Patricia Catron dePingre
    C. Sherburne Sentell, III            Margaret dePingre Willis

* * * * *

Before STEPHENS, HUNTER, and O'CALLAGHAN (*Pro Tempore*), JJ.

**HUNTER, J.**

Richland State Bank appeals a judgment granting Patricia dePingre's motion for summary judgment declaring a mortgage of her property null and dismissing all claims against her. For the following reasons, we affirm.

**FACTS**

In November 2013, Patricia dePingre gave a written power of attorney to her son, Benny dePingre, and her daughter, Margaret Willis, designating them as her agents. Using the power of attorney, Benny signed a mortgage in favor of Richland State Bank, encumbering his mother's commercial property located in Minden. The mortgage secured a loan to Benny in the amount of $175,824.16. Patricia did not owe a debt to the bank at that time and did not sign the mortgage or promissory note. Benny signed his mother's name on the mortgage above her printed name as if she had personally signed herself. Several days later, a notarial correction was executed in which the notary explained the son had intended to sign the mortgage as his mother's agent under the power of attorney. Benny dePingre later defaulted on the loan.

In August 2018, Richland State Bank filed a petition to collect sums owed under a promissory note and to enforce a mortgage against Patricia dePingre and Benny dePingre. In response, Patricia dePingre ("dePingre") filed a petition against Richland State Bank ("Richland") seeking a declaratory judgment that the bank's mortgage was null and void because the agent lacked the authority to mortgage her property. These lawsuits were then consolidated.

In January 2019, dePingre filed a motion for summary judgment to declare the mortgage null. The trial court denied the motion, finding

genuine issues of fact as to whether dePingre had been present at the bank when the mortgage was signed and whether she may have owned stock in the son's corporation and benefitted from the mortgage. Additional discovery produced evidence dePingre had never been inside the bank or talked to any banker concerning the mortgage. In answer to an interrogatory, Benny admitted his mother did not own stock in his corporation. dePingre also filed an affidavit from her treating physician stating she actually had dementia at the time the mortgage was signed.

In January 2021, dePingre filed another motion for summary judgment based on the additional evidence produced in discovery. The trial court granted the motion, ordering cancellation of Richland's mortgage and dismissing all claims against dePingre. Due to an error in the wording, an amended and corrected judgment was signed on May 21, 2021. Richland appeals the judgment.

## DISCUSSION

Richland contends the trial court erred in granting summary judgment despite the existence of genuine issues of material fact. Richland argues Benny was authorized to mortgage dePingre's property because the power of attorney allowed him to sell or mortgage "any or all property" owned by the principal.

The authority of the representative to represent another in legal relations may be conferred by law, by a contract of mandate, or by the unilateral juridical act of procuration. La. C.C. art. 2986. Pursuant to a procuration, a person, the principal, confers authority on another person, the representative, to represent the principal in legal relations. La. C.C. art. 2987. The term procuration refers to the same contractual relationship

2

which is also known as a power of attorney. *In re Succession of Hunt*, 47,372 (La. App. 2 Cir. 9/20/12), 135 So. 3d 654. A power of attorney is subject to the rules governing mandate to the extent those rules are compatible with the nature of the representation. La. C.C. art. 2988.

Under the rules of mandate, the authority to alienate or encumber a thing must be expressly given. La. C.C. art. 2996. Express authorization is required for the agent to contract a loan, acknowledge a debt, or become a surety. La. C.C. art. 2997(3). Self-dealing also requires express authorization under La. C.C. art. 2998, which provides a mandatary who represents the principal as the other contracting party may not contract with himself unless he is authorized by the principal.

Appellate courts review summary judgments de novo, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. *Samaha v. Rau*, 2007-1726 (La. 2/26/08), 977 So.2d 880; *Argonaut Great Central Ins. Co. v. Hammett*, 44,308 (La. App. 2 Cir. 6/3/09), 13 So.3d 1209, *writ denied*, 2009-1491 (La. 10/2/09), 18 So.3d 122. Summary judgment shall be rendered if the motion, memorandum and supporting documents show there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). A fact is "material" if it potentially ensures or precludes recovery, affects a litigant's ultimate success or determines the outcome of the legal dispute. *Van v. Ferrell*, 45,977 (La. App. 2 Cir. 3/2/11), 58 So.3d 522. In ruling on a motion for summary judgment, the district court's role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Hines v. Garrett*, 2004-0806 (La. 6/25/04), 876 So.2d 764.

3

In this case, the power of attorney granted the agent "full authority to act for PRINCIPAL in the conduct of all of PRINCIPAL's affairs." The instrument authorized the agent to deposit and withdraw from banks any funds for the account of the principal, and to "borrow money on the notes or other obligations of PRINCIPAL, such to be executed on PRINCIPAL's behalf." The agent was authorized to "mortgage, assign, lease, pledge . . . or release any or all property, interests or rights of any kind owned or to be acquired by PRINCIPAL . . . and to receive and receipt for any sums or rights received thereby."

The language of the power of attorney, when considered as a whole, demonstrates that the authority of the agent was to act in the interest of the principal. However, the record shows the loan was made to the agent, Benny, and his business, and not to the principal, Patricia dePingre. The mortgage executed by Benny was security for the loan to him from Richland. The promissory note representing the debt was signed by Benny and he received the loan proceeds.

The power of attorney did not grant the agent specific authority to mortgage property of the principal as security for the payment of a personal loan to the agent. The language of the power of attorney cannot reasonably be construed to authorize such self-dealing by the agent. Since the power of attorney did not expressly authorize the agent to encumber the principal's property for the agent's own benefit, the principal may repudiate the mortgage.

Richland argues in its brief Benny's actions were not "self-dealing," because Richland made the loan to Benny's corporation, Trinity Transport of Louisiana, Inc. Contrary to Richland's argument, the record shows Benny

4

signed the promissory note underlying the mortgage not only as president of Trinity, but signed individually as well. Thus, the transaction involved a personal loan to Benny and not a loan solely to the corporation. In addition, since the loan documents expressly list Benny and his wife as borrowers and Benny was personally liable for the loan, Richland's contention self-dealing cannot be proven except by piercing the corporate veil lacks merit.

Richland also argues there is a factual dispute concerning dePingre's knowledge of the mortgage because Benny stated in his deposition his mother was aware of the mortgage and that the transaction was once explained to dePingre. However, we note in the same deposition, Benny acknowledged he did not know whether his mother knew of the loan and mortgage. In any event, Benny's deposition testimony does not show dePingre gave any indication to Richland she consented to the transaction. In addition, no bank representative stated he was told by dePingre that she approved of the mortgage. Based on this record, Richland's argument lacks merit.

Richland asserts in its brief the mortgage is valid because Richland relied on a power of attorney filed in the public records. However, as stated above, the power of attorney relied upon by Richland does not contain sufficiently specific authorization to permit Benny's execution of a mortgage of the principal's property for his own benefit. Thus, the agent's act is not binding on the principal. Consequently, the mortgage purporting to affect Patricia dePingre's commercial property is null and void.

The evidence presented supports the trial court in concluding that the power of attorney did not authorize Benny dePingre, as agent, to execute a mortgage of his mother's property to secure a loan for his personal benefit.

Accordingly, based upon this record and the applicable law, the trial court did not err in granting summary judgment declaring the Richland mortgage of Patricia dePingre's property null and void.

Patricia dePingre contends in her brief the appeal by Richland is frivolous. Considering the legal issues raised by the parties, we do not find the appeal frivolous.

## CONCLUSION

For the foregoing reasons, the amended and corrected judgment of May 21, 2021, is affirmed. Costs of this appeal are assessed to the appellant, Richland State Bank.

**AFFIRMED.**