Judgment rendered July 6, 2022.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 54,604-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

ALPHONSO B. WILLIAMS                    Plaintiff-Appellant

versus

CHRISTOPHER L. HART                     Defendants-Appellees
& ABC INSURANCE COMPANY

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 624,278

Honorable Craig O. Marcotte, Judge

* * * * *

ALL AMERICAN LAW FIRM OF LA, LLC        Counsel for Appellant,
By: Wade T. Visconte                    Alphonso B. Williams


COOK, YANCEY, KING & GALLOWAY           Counsel for Appellee,
By: Jordan B. Bird                      Christopher L. Hart


DAVENPORT, FILES & KELLY, L.L.P.        Counsel for Appellee,
By: M. Shane Craighead                  ANPAC Louisiana
                                        Insurance Company


* * * * *

Before MOORE, STEPHENS, and HUNTER, JJ.

**HUNTER, J.**

The plaintiff, Alphonso Williams, appeals a judgment granting the motion for summary judgment of the defendant, ANPAC Louisiana Insurance Company ("ANPAC"). The trial court dismissed plaintiff's claims against ANPAC, finding the intentional act exclusion in the insurance policy precluded coverage for the injury caused by the insured, Christopher Hart. For the following reasons, we affirm.

## FACTS

On February 2, 2020, Alphonso Williams and Christopher Hart attended a Super Bowl event at a Holiday Inn hotel in Shreveport. At approximately 7:30 p.m., Hart approached Williams and they exchanged words. Hart then violently punched Williams in the face, knocking him down. A surveillance camera recorded the incident and shows the activity of persons in the lounge for several minutes prior to the encounter. The video does not include audio.

At the time of the incident, Hart was insured by a homeowner's policy issued by ANPAC. The insurance policy contains an exclusion of coverage for bodily injury "which is caused intentionally by . . . any insured, even if the resulting injury or damage is different than expected or intended. This exclusion shall not apply to an intentional act arising out of any insured's use of lawful force to protect persons or property." Based on this policy exclusion, ANPAC denied the insurance claim of Williams.

The plaintiff, Alphonso Williams, filed a petition for damages against the defendants, Christopher Hart and ANPAC. After taking the depositions of Williams and Hart, ANPAC filed a motion for summary judgment alleging the insurance policy did not provide coverage because plaintiff's

injuries were caused by the intentional act of the insured. ANPAC filed the surveillance video as an exhibit to the motion for summary judgment.

After hearing argument, the trial court granted ANPAC'S motion for summary judgment based on the policy language, the video and the applicable law. The trial court rendered a partial final judgment under La. C.C.P. art. 1915, granting summary judgment in favor of ANPAC, dismissing plaintiff's claims against ANPAC and reserving plaintiff's claims against Hart. Plaintiff appeals the judgment.

## DISCUSSION

The plaintiff contends the trial court erred in granting summary judgment in favor of the insurer. Plaintiff argues summary judgment was improper because the evidence presented created a genuine issue of material fact as to whether Hart believed he was acting in self-defense.

Appellate courts review summary judgments de novo, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. *Samaha v. Rau*, 2007-1726 (La. 2/26/08), 977 So. 2d 880; *Argonaut Great Central Ins. Co. v. Hammett*, 44,308 (La. App. 2 Cir. 6/3/09), 13 So. 3d 1209, *writ denied*, 2009-1491 (La. 10/2/09), 18 So. 3d 122. Summary judgment shall be rendered if the motion, memorandum and supporting documents show there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). A fact is "material" if it potentially ensures or precludes recovery, affects a litigant's ultimate success or determines the outcome of the legal dispute. *Van v. Ferrell*, 45,977 (La. App. 2 Cir. 3/2/11), 58 So. 3d 522. In ruling on a motion for summary judgment, the district court's role is not to evaluate the weight of the evidence or to determine the truth of the

matter, but instead to determine whether there is a genuine issue of triable fact. *Hines v. Garrett*, 2004-0806 (La. 6/25/04), 876 So. 2d 764.

An insurance policy is a contract between the parties and should be construed using the general rules of contract interpretation. *LeBlanc v. Aysenne*, 2005-0297 (La. 1/19/06), 921 So. 2d 85. A contract is an agreement by two or more parties whereby obligations are created, modified or extinguished. La. C.C. art. 1906.

In this case, ANPAC submitted the surveillance video to support its position that the insurance policy did not provide coverage because plaintiff's injuries were caused by Hart's intentional act of hitting plaintiff. The video of the incident shows Hart approach and then punch plaintiff after a brief exchange of words.

In their briefs, plaintiff and Hart do not dispute that Hart intentionally hit plaintiff, but assert their deposition testimony creates a genuine issue of material fact as to whether Hart acted in self-defense. Hart testified in his deposition that earlier in the evening, plaintiff had bumped into him and verbally insulted him. Hart stated that at the time of the incident, he felt afraid of plaintiff because of his earlier acts at the party and the existing antagonistic relationship between the two of them. Plaintiff contends Hart's subjective belief that he was being threatened by plaintiff creates a genuine issue of material fact as to whether Hart believed he needed to use force in self-defense.

However, we note that Hart's subjective belief that force was necessary is only one of two factors which must be proved to establish a self-defense claim. In asserting self-defense, an actor must show any force used was both reasonable and apparently necessary to prevent an offense

3

against him. La. R.S. 14:19(A)(1)(a). Thus, a person making a self-defense claim is required to show not only that subjectively, the force used was apparently necessary, but also that objectively, such force was reasonable under the circumstances. *State v. Freeman*, 427 So. 2d 1161 (La. 1983); *State v. Jackson*, 51,841 (La. App. 2 Cir. 1/10/18), 246 So. 3d 646. A person who is the aggressor cannot claim the right of self-defense unless he withdraws from the conflict in good faith. La. R.S. 14:21.

In this case, the objective evidence consists of the surveillance video which shows the incident and several minutes preceding the encounter. In the video, plaintiff is seen standing in the bar area prior to the incident when Hart walks directly up to plaintiff. The video shows they briefly exchanged words and Hart then punched plaintiff in the face.

In presenting the video, ANPAC established Hart intentionally punched plaintiff after initiating the encounter which caused plaintiff's injuries. Additionally, the video shows plaintiff did not grab or hit Hart before being punched. Thus, the video evidence supports a finding that Hart was the aggressor who cannot claim self-defense.

Based on the circumstances depicted in the video, Hart failed to show the physical force which he used against plaintiff was reasonable. To the contrary, Hart's use of force was unreasonable given his initiation of the physical confrontation when he could have kept his distance if actually afraid of plaintiff. Because Hart failed to show that, objectively, his use of force was reasonable under the circumstances, plaintiff has not demonstrated a genuine issue of material fact exists as to whether Hart acted in self-defense.

4

After reviewing this record, we cannot say the trial court erred in granting ANPAC's motion for summary judgment. Thus, the assignments of error lack merit.

## CONCLUSION

For the foregoing reasons, the trial court's judgment is affirmed. Costs of this appeal are assessed one-half to appellant, Alphonso Williams, and one-half to appellee, Christopher Hart.

**AFFIRMED.**